[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2007
THOMAS K. KAHN
CLERK

No. 05-16822
Non-Argument Calendar

_____

D. C. Docket No. 05-20507-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HANANE RIZKI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 26, 2007)**

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Hanane Rizki appeals her 70-month concurrent sentences imposed after

pleading guilty to conspiracy to distribute methylenedioxymethamphetamine

("MDMA") and 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1), 846. She argues that the sentences are unreasonable.

On appeal, Rizki argues that her low-end concurrent 70-month sentences are unreasonable because she clearly outlined, pursuant to 18 U.S.C. § 3553(a)(1), six reasons based on her personal circumstances to warrant a downward variance but the district court erroneously required her to meet a higher, pre-Booker[1] standard by proving that she was entitled to a downward departure.

We review post-Booker sentences for reasonableness. Booker, 543 U.S. at 261, 125 S.Ct. at 765; United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005).

Booker mandates that courts review sentences for reasonableness in light of the factors set forth in § 3553(a). 543 U.S. at 261, 125 S.Ct. at 765-66. A party challenging a sentence must bear the burden of establishing that a sentence is unreasonable in light of the § 3553(a) factors and the record established below. Talley, 431 F.3d at 788. Some factors listed in § 3553(a) are the: (1) "nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) need for the sentence imposed to reflect the seriousness of the offense. See 18 U.S.C. § 3553(a)(1)-(2). While a sentence within the Guidelines range is not per se reasonable, it is expected to be reasonable. See Talley, 431 F.3d at 788. A

---

[1] United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005).

district court need not mention each of the § 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005). Additionally, in reviewing such sentences, we review the final sentence for reasonableness, as opposed to each individual decision made during the sentencing process. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).

Upon review of the record and consideration of both parties' briefs, we discern no reversible error. The record here indicates that Rizki's 70-month concurrent sentences are not unreasonable. As the government argues, although the district court used the word "departure" at the same time that it stated sentences below the Guidelines range were not warranted, the record indicates that the court appreciated, but chose not to exercise its authority to impose below-range sentences. The court: (1) clearly discussed its consideration of the § 3553(a) factors, including the fact that, in its opinion, Rizki had not proved that any of these factors warranted a downward variance; and (2) specifically addressed Rizki's mitigating arguments, pointing out its opinion that Rizki had overstated the severity of her substance-abuse problems, and declined a downward variance. See Talley, 431 F.3d at 788 (the § 3553(a) factors serve as a basis for determining reasonableness); see also Scott, 426 F.3d at 1329-30 (a court need not mention each § 3553(a) factor). Additionally, Rizki's 70-month sentences are at the low

end of the Guidelines range and 50 months below the statutory minimum. Because the district court correctly calculated the Guidelines range and considered the § 3553(a) factors and the context of Rizki's personal circumstances in arriving at her sentences, she has failed to meet her burden of proving unreasonableness. <u>See Talley</u>, 431 F.3d at 788. Accordingly, we affirm.

**AFFIRMED.**